# Timlow *versus* Philadelphia and Reading Railroad Company.

1. The court will not take judicial notice of a private Act of Assembly upon the hearing of a rule for judgment for want of a sufficient affidavit of defence.

2. An Act of Assembly authorizing a certain railroad company to guarantee the bonds of any incorporated company, individual or firm engaged in any manufacture in any county through which said railroad company's line may pass, is a private and not a public act.

January 3rd 1882.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas No. 2, of *Philadelphia county :* of January Term 1882, No. 22.

Debt, by Lydia B. Timlow, et al., executors, etc., against the Philadelphia and Reading Railroad Company.   The plaintiffs filed copies of four bonds for $1,000 each, issued by the Philadelphia and Reading Coal and Iron Company, on each of which was an indorsement executed by the Phi'adelphia and Reading Railroad Company, guaranteeing the punctual payment of the principal and interest of said bonds.   The copies were supplemented by an averment that certain payments of interest were due and unpaid.

The president of the defendant company filed the following affidavit of defense :   " That he is advised by counsel and therefore suggests that the instruments of which copies have been filed in the case are not such as entitle plaintiffs to judgment against the defendants for want of an affidavit of defence; and that he is further advised by counsel, and therefore avers, that the contract of guaranty contained in the said instruments is one which the Philadelphia and Reading Railroad Company, under its charter, and under the laws of the Commonwealth of Pennsylvania, had no corporate power to make."

The plaintiffs took a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, which rule the court, after argument, discharged.   Whereupon the plaintiffs took this writ of error, assigning for error the refusal of the court to enter judgment for plaintiffs.

*J. Cooke Longstreth,* for the plaintiffs in error.—Defendant's obligation was an absolute undertaking in writing to pay the debt of another on a day certain, and therefore within the affidavit of defence law: Korn *v.* Hohl, 80 Penn. St. 333 ; Seltzer *v.* Greenawald, 2 W. N. C. 395 ; Sitgreaves *v.* Griffith, 2 Ibid. 705; Howell *v.* Herold, 6 Ibid. 431.

The defendant company had express power to execute the

[Timlow *v.* Philadelphia & Reading R. R. Co.]

guaranty under the Act of Assembly of March 20th 1872, Pamph. L. 472, which provides : " It shall be lawful for the Philadelphia and Reading Railroad Company to guarantee the bonds of any incorporated company, individual, or firm that may now or hereafter be engaged or intend to be engaged in the manufacture of iron or any other manufacture, in any county into which any railroad or branch railroad operated by the said company may now or hereafter extend."

The decision of the court below was on the assumption that the Act cited was a private Act, on the authority of the District Court in the case of Handy *v.* Railroad Co., 1 Phila. Rep. 31.

But the act in question is not a private Act within Blackstone's definition, and the decisions : 1 Bl. Com. 86 ; Unity *v.* Burrage, 13 Otto, 447.      It authorizes the company defendant to guarantee any bonds issued by companies, individuals, or firms engaging in a certain business within certain defined limits.      All persons may safely take such guaranties as valid.      The act therefore has a general application, not only to the company guaranteeing and to the party guaranteed, but to any person who may buy such bonds.

*Richard C. Dale* (*John C. Bullitt* with him), for the defendant in error.—The act of March 20th 1872, by its title is limited in its application to the Philadelphia and Reading Railroad Company, and its subject-matter.      If the act had purported to give authority to all manufacturing corporations in any county in which the Philadelphia and Reading Railroad might run to guarantee the bonds of the railroad company, it might be contended that it was a public act, but the power conferred is limited to the corporation mentioned in the title.      The case of Unity *v.* Burrage, 13 Otto, 447, is distinguishable because the act then under consideration contained a section expressly providing that it should be regarded as a public and not private act.

The act now in question being a private act, the court below could not take judicial notice of it upon the hearing of a rule for judgment for want of a sufficient affidavit of defence.

Mr. Justice GORDON delivered the opinion of the court, January 16th 1882.

In passing upon the legality of the action of the court below in refusing judgment for want of a sufficient affidavit of defence, we are disposed to consider only that point which involves the character of the act of the 20th of March 1872.      The only authority for the guaranty of the bonds of the Philadelphia and Reading Coal and Iron Co. by the Philadelphia and Reading Railroad Co. is the statute above named.      It is not pretended that any such power was embraced in the original charter of the

[Fillman's Appeal.]

company last named. If, however, this act was of a private character, then it was not such a one as the court was bound to take judicial notice of upon the hearing of the rule for judgment, and, in that event, we must approve the action of the court below.

But as both the companies above named were created primarily for the purposes of private gain, the public welfare being but an incident, or collateral consideration, they are private corporations: 1 Bou. L. Dic. 367. But we cannot understand how an act, which does nothing more than enable one private corporation to guarantee the paper of another, can be called public. It does seem to us that this comes within Blackstone's definition of a private statute, since it operates only upon particular persons and private concerns, and has no reference to the general community. Admit that these bonds were intended to be put upon the market for sale to any and every person who might choose to buy. What then? They were, nevertheless, made for a strictly private purpose, and the purchaser of the one now in controversy, as well as all other purchasers, bought for a like personal and private purpose.

Therefore, as neither in the making and guaranty, nor sale of this paper, were the public interests or welfare involved in the slightest degree, we cannot but conclude that the judgment of the court below was correct.

The writ of error in this case is now dismissed at the costs of the plaintiff.